**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Crim. No. 20-mj-1044 (AMD) |
| | : | |
| ANDREW DRECHSEL | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |

      This matter having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States and defendant ANDREW DRECHSEL ("the Defendant"), by and through undersigned counsel, and the Court, having being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

      1.      The Defendant is presently charged by criminal complaint with violations of Title 18, United States Code, §§2422(a) and (b), 2423(b), 2251(a) and (e). The Government wishes to voluntarily disclose certain pre-Indictment discovery materials (the "Discovery Materials"), and the Defendant wishes to receive such materials. This Protective Order governs all Discovery Materials provided in connection with the charges in the above-captioned matter, in any format (written or electronic) that is produced by the government in discovery in the above captioned case, in order to further plea discussions between the Government and the Defense.[1]

      2.      The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, clerical employees, associates, IT and/or litigation support service providers, and

---

[1] Because the Defendant has been charged by a criminal complaint, disclosure of any discovery material is made voluntarily. Neither Federal Rule of Criminal Procedure 16, nor any other statute or rule requires that the Government make discovery to a person unless and until that person has been indicted. The Defendant understands that the disclosure of this evidence does not imply that the Government has made, or will make, complete pre-indictment discovery to him.

assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

3. The Defendant's attorney shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order. The Defendant's attorney shall provide that person a copy of this Order. The designated persons shall be subject to the terms of this Order. The Defendant and/or his counsel shall maintain a record of all such persons who have received discovery.

4. The attorneys of record and members of the defense team may display and review the discovery materials with each other, the Defendant, and any potential witness in connection with the preparation of a defense or to further plea negotiations. Defense Counsel and members of the defense team shall maintain sole custody and control over the Discovery; Defense Counsel may review the Discovery with the Defendant without restriction, provided, however, that Defense Counsel may not leave the Discovery, or any summary, extract, or verbatim account of the Discovery, in the Defendant's custody or control, or permit the Defendant or any witness to photograph or copy same.

5. The United States Attorney's Office for the District of New Jersey is similarly allowed to display and review the discovery materials to lay witnesses, but is otherwise prohibited from providing copies of the discovery materials to lay witnesses, i.e. non-law enforcement witnesses.

6. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure.

7. Any discovery material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matters before this Court, shall be redacted consistent with Court's order on disclosure of Personally Identifying Information or filed under seal and shall remain sealed until

otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

8. The provisions of this Order shall not terminate at the conclusion of this prosecution and shall be binding on all future and successor counsel.

9. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the District of New Jersey, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

10. If the Defendant violates any term or condition of this Order, the Defendant may be held in contempt of Court and the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

CRAIG CARPENITO
UNITED STATES ATTORNEY

_____
Christopher D. Adams, Esquire
Attorney for Andrew Drechsel

Dated: 8/20/19

_____
ALISA SHVER
Assistant United States Attorney

**IT IS ORDERED** this 24th day of August, 2020.

_____
Honorable Ann Marie Donio
United States Magistrate Judge
District of New Jersey