

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*CRAIG CARPENITO*     *401 Market Street, Fourth Floor*
*United States Attorney*     *Camden, New Jersey 08101-2098*

*ALISA SHVER*     *Direct Dial: 856.968.4864*
*Assistant United States Attorney*     *Email: alisa.shver@usdoj.gov*

September 17, 2020

**Via ECF**

Hon. Ann Marie Donio
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      Re:    <u>**United States v. Andrew Drechsel, 20-mj-1044 (AMD)**</u>

Dear Judge Donio,

      The government respectfully submits this brief letter in response to the Court's question regarding proffered testimony at a detention hearing. This Court has the authority to permit the government to rely on proffered testimony at a detention hearing, the typical practice of this Court and well within its discretion. This is particularly appropriate in a context where the Federal Rules of Evidence do not apply and where sufficiently weighty evidence to support a finding of probable cause is readily available.

      Federal Rule of Evidence 1101(d)(3) clearly exempts form the application of the Rules, such "Miscellaneous proceedings" as "a preliminary examination in a criminal case" (the terms formerly given to what are now known as preliminary hearings under Federal Rule of Criminal procedure 5.1[1]), and bail hearings. The Advisory Committee observed that "[h]earsay testimony is…customarily received in" criminal preliminary hearings, and that "[p]roceedings with respect to release on bail or otherwise do not call for application of the rules of evidence." Advisory Committee Notes 1972; *see also* 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *United States v. Delker*, 757 F.2d 1390, 1397-98 (3d Cir. 1985).

      The explicit Congressional policy preference adopted in the language of the Bail Reform Act of 1984 reflects the legislative history of the District of Colombia detention statute on which the Bail Reform Act was based. As noted in an opinion of the District of Colombia Court of Appeals (the

---

[1] *See* Fed. R. Crim. P.5.1. (Advisory Committee Notes on the 2002 Amendments).

District of Colombia's highest court, which is equivalent to a state supreme court), the District of Colombia statute's legislative history includes the following statement in a House Report:

> as is the present practice under the Bail Reform Act,…the use of sworn testimony will be the exception and not the rule…(B)ail hearings under the Bail Reform Act, which frequently result in detention of the accused, proceed primarily of proffers.  They are not formal trials requiring strict adherence to technical rules of evidence.

*United States v. Edwards*, 430 A.2d 1321, 1334 (D.C. Ct. App. 1981) (quoting H.R. Rep. No. 91-901, 91st Cong., 2d Sess. 182, 184 (1970)); *see also Delker*, 757 F.2d at 1395.  The District of Colombia court therefore stated that "[t]he legislative history of the statute confirms Congress' intent that the information upon which the judicial officers makes his finding need not be sworn testimony, and that the hearing is not designed to afford defendants a discovery device." *Edwards*, 430 A.2d at 1334.  Because, in the view of the Third Circuit, Congress did not intend for bail hearings to become "mini trials," courts may permit either witness testimony of proferred evidence detention hearings, in their discretion. *Delker*, 757 F.2d at 1396.

In sum, the customary practice of permitting courts to allow proffered testimony, in their discretion, is sound and well worn.

In the event that you have any comments or questions, please do not hesitate to contact me at (856) 968-4864.  Thank you for your consideration in this matter.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

_____
By:  Alisa Shver
Assistant U.S. Attorney
District of New Jersey
