

PHILIP R. SELLINGER
United States Attorney

ALISA SHVER
Assistant United States Attorney

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

401 Market Street, Fourth Floor
Camden, New Jersey 08101-2098

Direct Dial: 856.968.4864
Email: alisa.shver@usdoj.gov

February 15, 2023

Mr. Christopher D. Adams, Esquire
Greenbaum, Rowe, Smith & Davis LLP
331 Newman Springs Road
River Centre Building 1, Suite 122
Red Bank, New Jersey 07701

23-410 (JHR)

    Re:    **Plea Agreement with Andrew Drechsel**

Dear Mr. Adams,

    This letter sets forth the plea agreement between your client, Andrew Drechsel and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on March 17, 2023, if it is not accepted in writing by that date. If Andrew Drechsel does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### Charges

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Andrew Drechsel to a two-count Information charging him in **Count 1**: with receipt of visual depictions of minors engaging in sexually explicit conduct, in violation of in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1); and in **Count 2**: with knowingly persuading, inducing, enticing, or coercing an individual to travel in interstate commerce to engage sexual activity for which Drechsel could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(a). If Andrew Drechsel enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Andrew Drechsel for the conduct outlined in the criminal complaint filed at Mag. No. 20-1044 (AMD) involving Victim 1 which took place from in or about January 2015 through in or about December 2016. Further, this Office will not prosecute Andrew Drechsel for his interstate travel with intent to engage in a sexual act with a minor and his production of visual depiction of minors engaging in sexually explicit conduct. However, Andrew Drechsel agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or 1B1.3(a).

1

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Andrew Drechsel even if the applicable statute of limitations period for those charges expires after Andrew Drechsel signs this agreement, and Andrew Drechsel agrees not to assert that any such charges are time-barred.

### Sentencing

### Count One

The violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) to which Andrew Drechsel agrees to plead guilty carries a statutory minimum prison sentence of 5 years' incarceration, a statutory maximum sentence of 40 years' imprisonment, and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

### Count Two

The violation of 18 U.S.C. § 2422(a) to which Andrew Drechsel agrees to plead guilty carries a statutory maximum sentence of 20 years' imprisonment, and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence Andrew Drechsel is serving or is ordered to serve.

The sentence to be imposed upon Andrew Drechsel is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Andrew Drechsel ultimately will receive.

Further, in addition to imposing any other penalty on Andrew Drechsel, the sentencing judge as part of the sentence:

(1) will order Andrew Drechsel to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. §§ 2253 and 2428;

(3) pursuant to 18 U.S.C. § 3583(k), must require Andrew Drechsel to serve a term of release of at least five years per count, which will begin at the expiration of any term of imprisonment imposed. Should Andrew Drechsel be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Andrew Drechsel may be sentenced to not more than 2 years'

imprisonment under Count One and not more than 3 years' imprisonment under Count Two, which could be ordered to be served consecutively to each other, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, pursuant to 18 U.S.C. § 3583(k), should Andrew Drechsel while on supervised release be found, in a manner that satisfies *United States v. Haymond*, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, Andrew Drechsel must be sentenced to at least 5 years' imprisonment, and up to a maximum term of life, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release

(4) In addition, Andrew Drechsel must, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248 §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), comply with any applicable sex-offender registration requirement in New Jersey, and in each jurisdiction where Andrew Drechsel resides, is employed, or is a student.

(5) Pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, if the sentencing judge finds Andrew Drechsel to be non-indigent, the Court shall impose a mandatory special assessment of $5,000; this amount shall not be payable until Andrew Drechsel has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligations related to victim

## Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, Andrew Drechsel agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

## Forfeiture

Andrew Drechsel agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. §§ 2253 and 2428, Andrew Drechsel will forfeit to the United States all computers, computer accessories, digital cameras, video recorders, compact discs ("CDs"), removable storage media, and any other electronic equipment seized on or about November 8, 2019 from 1 East Gate Lane, Hamden, Connecticut, including but not limited to the following:

(1) One Asus GX531GX notebook PC, serial number K1NRCV03N107046;
(2) One Alienware 17 desktop computer, serial number 4J56862;
(3) One black HP laptop (recovered in a black nightstand in the basement);
(4) One Samsung Galaxy S10+, IMEI number 354416100331420;
(5) One HP desktop tower, serial number MX331302NT;
(6) One black custom built desktop tower, serial number 011118329718;
(7) One red T-Mobile cellular telephone, IMEI number 351809045289237;
(8) One black K-Swiss Sidekick T-Mobile cellular telephone, IMEI number 351680037509514;
(9) One gray HTC cellular telephone, H/M/D number 352628060141597;
(10) One black Alienware desktop computer, serial number 16177087100155;
(11) One Nokia cellular telephone, serial number 012447005942262;
(12) One gray HTC T-Mobile cellular telephone, IMEI number 359902045339540;
(13) One HTC T-Mobile cellular telephone, IMEI number 357267045208273;
(14) One black HP Pavilion laptop computer, serial number CNF7471RGM; and
(15) One LG cellular telephone (recovered in a tote under the desk in the basement).

(together, the "Forfeitable Property"). Andrew Drechsel acknowledges that the Forfeitable Property is subject to forfeiture as property constituting (1) any visual depiction described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, shipped, mailed, emailed, or received in violation of Title 18, United States Code; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of an offense in violation of the offenses charged in the Information, or any property traceable to such property.

All right, title, and interest in the Forfeitable Property, and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date Andrew Drechsel enters his plea of guilty pursuant to this agreement.

Andrew Drechsel further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Andrew Drechsel agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Andrew Drechsel understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Andrew Drechsel hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Andrew Drechsel by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Andrew Drechsel's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Andrew Drechsel will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Andrew Drechsel waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Andrew Drechsel understands that, if Andrew Drechsel is not a citizen of the United States, Andrew Drechsel's guilty plea to the charged offenses will likely result in Andrew Drechsel being subject to immigration proceedings and removed from the United States by making Andrew Drechsel deportable, excludable, or inadmissible, or ending Andrew Drechsel's naturalization. Andrew Drechsel understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Andrew Drechsel wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Andrew Drechsel's removal from the United States. Andrew Drechsel understands that Andrew Drechsel is bound by this guilty plea regardless of any immigration consequences. Accordingly, Andrew Drechsel waives any right to challenge the guilty plea, sentence, or both based

5

on any immigration consequences. Andrew Drechsel also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Andrew Drechsel. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Andrew Drechsel from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Andrew Drechsel and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Thank you for your consideration of this matter.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Alisa Shver
Assistant U.S. Attorney
District of New Jersey

APPROVED:

Jason M. Richardson
Attorney-In-Charge, Camden

I have received this letter from my attorney Christopher D. Adams, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver forfeiture, restitution, registration consequences and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 3/20/23
ANDREW DRECHSEL

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 3/20/23
CHRISTOPHER D. ADAMS, ESQUIRE

Plea Agreement with Andrew Drechsel

Schedule A

1. This Office and Andrew Drechsel recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Andrew Drechsel nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

**Count One – Receipt of Child Pornography**

3. The applicable guideline is U.S.S.G. § 2G2.2. This guideline carries a Base Offense Level of 22. *See* U.S.S.G. § 2G2.2(a)(2).

4. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(5) applies because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. This Specific Offense Characteristic results in an increase of 5 levels.

5. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(6) applies because the offense involved the use of a computer or an interactive computer service for the receipt of the material or for accessing with intent to view the material. This Specific Offense Characteristic results in an increase of 2 levels.

6. Specific Offense Characteristic U.S.S.G. § 2G2.2(b)(7) applies because the offense involved at least 10 images, but fewer than 150 images. This Specific Offense Characteristic results in an increase of 2 levels.

7. The total adjusted Offense Level for Count One is 31.

**Count Two – Enticement to Travel for Illicit Sexual Conduct**

8. The applicable guideline is U.S.S.G. § 2G1.3. This guideline carries a Base Offense Level of 24. *See* U.S.S.G. § 2G1.3(a)(4).

9. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(3) applies because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor. This Specific Offense Characteristic results in an increase of 2 levels.

10. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(4) applies because the offense involved the commission of a sex act or a sexual contact. This Specific Offense Characteristic results in an increase of 2 levels.

11. The total Offense Level for Count One is 30.

### Grouping of Multiple Counts

12.     Pursuant to U.S.S.G. § 3D1.2, Counts 1 and 2 are not grouped together because although the counts involve the same victim, they do not involve the same act or transaction, nor do the counts involve two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

13.     Pursuant to U.S.S.G. § 3D1.4(a), there are a total of two Units. Count 1, receipt of child pornography, is one Unit because it has the highest offense level. Count 2, receipt of child pornography counts as a second Unit because its offense level is 1 to 4 levels less serious.

14.     Pursuant to the table at § 3D1.4, the combined Offense Level is 33, which takes the Count 1 offense level of 31 and adds two levels to account for the two Units.

### Acceptance of Responsibility

15.     As of the date of this letter, Andrew Drechsel has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Andrew Drechsel's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

16.     As of the date of this letter, Andrew Drechsel has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Andrew Drechsel's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Andrew Drechsel enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Andrew Drechsel's acceptance of responsibility has continued through the date of sentencing and Andrew Drechsel therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Andrew Drechsel's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17.     Accordingly, the parties agree that the total Guidelines offense level applicable to Andrew Drechsel is 30 (the "Total Offense Level").

18.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

19.     If the term of imprisonment does not exceed 121 months, and except as specified in the next paragraph below, Andrew Drechsel will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 97 months, this Office will not challenge by appeal, motion, or writ any component of the

sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

20. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).